JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Edward Thomas

**DEFENDANTS**

Douglas A. Collins, Secretary
U.S. Department of Veteran's Affairs

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
George D. Walker, Jr., Esquire
409 South 20th Street

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Federal Tort Claims Act, 28 U.S.C.§§ 1346(b), §§2671-2680

Brief description of cause:
Chair provided by defendant failed

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
*George D. Walker [signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

0/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Veteran's Affairs Medical Center_

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases.*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* _Chair failed_
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EDWARD THOMAS,                         :    CIVIL ACTION
1909 North 32nd Street                 :
Philadelphia, PA 19121                 :
                  Plaintiff,           :    NO.
                                       :
              v.                       :
                                       :
DOUGLAS A. COLLINS, Secretary          :
U.S. Department of Veterans Affairs    :
810 Vermont Avenue, NW                 :
Washington, DC 20420                   :
                  Defendant.           :

## COUNT I
### Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), §§2671-2680

1. Plaintiff, Edward Thomas is an adult resident of Philadelphia County, Pennsylvania.

2. Defendant, Douglas A. Collins is sued in his official capacity as Secretary of the U.S. Department of Veterans Affairs, a federal agency that operates the Veterans Affairs Medical Center located at 3900 Woodland Avenue, Philadelphia, Pennsylvania.

3. This action is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), §§2671- 2680 (FTCA) which waives sovereign immunity for certain torts committed by federal employees acting within the scope of their employment and provides that the United States is liable in the same manner and to the same extent as a private person under the law of the place where the act or omission occurred.

4. At all times relevant to this action, the employees, agents, and servants of the Veterans Affairs Medical Center were acting within the scope of their employment with the United States.

5. On or about November 16, 2023, while lawfully present at the Veterans Affairs Medical Center located at 3900 Woodland Avenue, Philadelphia, Pennsylvania, Plaintiff was injured when a chair provided by the facility failed due to a defect or unsafe condition.

6. The negligent acts and omissions of Defendant, through its employees, included but were not limited to the following:

a. Failing to remove a broken or defective chair;

b. Failing to inspect, maintain, and repair the chair in a reasonable and prudent manner;

c. Failing to warn Plaintiff and other lawful visitors of the dangerous condition;

d. Permitting the chair to remain in a hazardous condition where individuals lawfully on the premises would sit;

e. Failing to post adequate warnings, barriers, or barricades to alert lawful visitors of the dangerous condition;

f. Failing to restrict access to the unsafe chair or otherwise prevent use by the public;

g. Failing to correct or remediate the unsafe condition after notice or constructive notice of the hazard;

h. Failing to exercise due care under the circumstances.

7. Plaintiff timely presented an administrative claim on Standard Form 95 to the U.S. Department of Veterans Affairs on November 8, 2024. Receipt of the SF-95 was acknowledged on February 26, 2025. Defendant has not resolved the claim and Plaintiff has exhausted all administrative remedies as required by the FTCA. (See attached Exhibit "A")

8. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious and permanent injuries, including but not limited to cervical sprain and strain, cervical disc herniation, cervical radiculopathy, lumbar sprain and strain, lumbar disc herniation, lumbar radiculopathy, multiple contusions and abrasions, and injury to his nerves and nervous system. These injuries have caused Plaintiff great physical pain, mental anguish, medical expenses, loss of earnings, impairment of earning capacity, and other damages.

9. The injuries described above were proximately caused by the negligence of Defendant and were not caused in any way by any act or omission of Plaintiff.

10. By reason of the foregoing, Plaintiff seeks compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs of suit, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff, Edward Thomas demands judgment against Defendant, Douglas A. Collins, Secretary of the U.S. Department of Veterans Affairs, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, and such other relief as the Court deems appropriate. Plaintiff demands a trial by jury on all issues so triable.


Date: 6/3/2026

By: s/George D. Walker   54963
George D. Walker, Jr.
Attorney ID. 54963
LARRY PITT & ASSOCIATES, P.C.
Attorneys for Plaintiff
409 S. 20th Street
Philadelphia, PA 19146
(215)546-0011
georgewalker@larrypitt.com
janicemoffatt@larrypitt.com

## VERIFICATION

I, _Edward Thomas_____, verify that I am the Plaintiff herein and that the statements made in the attached pleading are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

X _____
Plaintiff    EDWARD THOMAS

DATE: _6/3/2026_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD THOMAS,                          :       CIVIL ACTION
1909 North 32nd Street                  :
Philadelphia, PA 19121                  :
                                        :
                                        :
            v.                          :
                                        :
                                        :
DOUGLAS A. COLLINS, Secretary           :
U.S. Department of Veterans Affairs     :
810 Vermont Avenue, NW                  :       NO.
Washington, DC 20420                    :

## CERTIFICATE OF SERVICE

I, George Walker, Jr., attorney for Plaintiff, Edward Thomas , hereby certify that I caused to deliver a true and correct copy of Complaint was sent to the following:

**Certified Mail, Return Receipt Requested**
DOUGLAS A. COLLINS, Secretary
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

**Regular Mail**
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut St, Suite 1250
Philadelphia, PA 19106

**Regular Mail**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Regular Mail**
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20402

\s George D. Walker, Jr.,    54963
George D. Walker, Jr., Esquire
LARRY PITT & ASSOCIATES, P.C.
Attorney ID 54963
409 S. 20th Street
Philadelphia, Pa. 19146
(215)546-0011
Attorney for Plaintiff, Edward Thomas

Date: 6/3/2026

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPR OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency. | 2. Name, Address of claimant and claimant's personal repres any. (See instructions on reverse.) (Number, Street, City, S Code)<br><br>EDWARD THOMAS<br>1909 N. 32rd St Philadelphia, PA<br>19 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10 16 1961 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT 11 16 2023 Thursday | 7. TIME (A.M. 9:30 A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property invo place of occurrence and the cause thereof. Use additional pages if necessary.)

I was in Philadelphia VA - Module A and was sitting in a chair wait my appointment when the chair collapsed and I fell backward to the And injured my neck, left shoulder and low back. An MRI shows c. disc herniations and a left Rotator cuff tear

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Philadelphia VAMC   3900 Woodland Ave Phila PA 19104

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. See instructions on reverse side.)

MODULE A - Chair

PERSONAL INJURY/WRONGFUL DEATH

NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE ? PERSON OR DECEDENT.

ck - disc herniations C2-3 & C4-5 + C6-C7 with Radiculopathy : Shoulder - posterior labral tear pack disc herniations L1 - S1 with Radiculopathy

WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| of medical unit | 3900 Woodland Ave Phila PA 1910 |

(parts on reverse.)   AMOUNT OF CLAIM (in dollars)

| MAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to sp forfeiture of your righ |
|---|---|---|---|
| | GREATER THAN $50,000 | No | Greater tha |

AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEP - FINAL SETTLEMENT OF THIS CLAIM

NT (See instructions on reverse side.)

| | 13b. Phone number of person signing form | 14 |
|---|---|---|
| Edward Thomas | 267-261-1212 | |

INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant furnish the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry collision insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

no

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductive?

no

17. If deductible, state amount

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

no

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code)   ☐ No

no

INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group (021B)
810 Vermont Avenue, NW
Washington, DC 20420
Email: lisa.wolfe2@va.gov

March 3, 2025

**In Reply Refer To: GCL 539957**

Larry Pitt & Associates, P.C.
Attn: George D. Walker, Esq.
409 S 20th St
Philadelphia, PA 19146

RE:    Administrative Tort Claim on behalf of Edward Thomas

Dear Attorney Walker:

The U.S. Department of Veterans Affairs (VA) received your tort claim on February 26, 2025.

Your claim was filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680.  The FTCA provides monetary compensation when a government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission.  From the date VA received your claim, you are required to allow VA at least six months to consider your claim.  After VA has had your claim for at least six months, you may file suit in federal district court.

A combination of federal and state laws govern FTCA claims.  Some state laws may limit or bar a claim or lawsuit, and other state laws may govern the actions of independent contractors (i.e., non-VA providers).

The FTCA does not govern the acts of independent contractors.  If a specific provider named in your claim is an independent contractor, VA will notify you.  If you are so notified and do not have legal representation, you are encouraged to seek legal advice regarding your rights to pursue a claim or lawsuit against the independent contractor, directly.  Obtaining legal advice can be beneficial because the timing for filing a claim against an independent contractor is governed by the statute of limitations in the state or territory where your claim arose.

Attorney Lisa Wolfe has been assigned to research your claim.  If you are not contacted after six months from the date of this letter, you may want to contact her at

(202) 738-2920.  Please note, VA staff handling FTCA claims work for the federal government and cannot provide you with legal advice or representation.

Sincerely,

*Jackelyn Walker*

Jackelyn Walker
Legal Assistant

## Janice Moffatt

| | |
|---|---|
| **From:** | Wolfe, Lisa M. (OGC) <Lisa.Wolfe2@va.gov> |
| **Sent:** | Monday, January 12, 2026 1:30 PM |
| **To:** | George Walker |
| **Cc:** | Janice Moffatt |
| **Subject:** | RE: Edward Thomas  Claim #GCL539957 |

Hello,

At this time Mr. Thomas' claim is still pending. We hope to have a final answer on this shortly, but if he desires to move forward in federal court, he is able to do so.

PRE-DECISIONAL

Lisa Wolfe
Staff Attorney
Torts Law Group
U. S. Department of Veterans Affairs
202-738-2920
TLG SharePoint Site

PRE-DECISIONAL

This communication may contain information that is confidential, privileged, or otherwise protected by law, such as the Privacy Act of 1974, and is intended for solely the individual or entity to whom it is addressed. If you are not the intended recipient, please destroy all copies and notify the sender immediately. The transmission, screening, or any other processing of this email does not constitute a waiver of privilege or other applicable protections.

**From:** George Walker <georgewalker@larrypitt.com>
**Sent:** Monday, January 12, 2026 11:37 AM
**To:** Wolfe, Lisa M. (OGC) <Lisa.Wolfe2@va.gov>
**Cc:** Janice Moffatt <janicemoffatt@larrypitt.com>
**Subject:** [EXTERNAL] Edward Thomas Claim #GCL539957

Attorney Wolfe:

Please advise as to the status of your investigation regarding my clients injuries from a collapsed chair while at the VA medical center in Philadelphia.  I would appreciate an update in order to adivse my client.

Thank you.

LARRY PITT & ASSOCIATES, P.C.

George Walker
(215) 546-0011
georgewalker@larrypitt.com

1